**Gene HARRIS; et al., Plaintiffs—Appellants,**

v.

**VERIZON COMMUNICATIONS, INC.; et al., Defendants—Appellees.**

No. 02–56335.

D.C. No. CV–01–10953–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Dec. 30, 2003.

Clay Robbins, III, Esq., Magana, Cathcart & McCarthy, Los Angeles, CA, William W. Palmer, Law Offices of William W. Palmer, Sacramento, CA, for Plaintiffs–Appellants.

Stuart N. Senator, Esq., Munger, Tolles & Olson, Los Angeles, CA, for Defendants–Appellees.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiffs, former employees of GTE Corporation and purported representatives

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of a class of similarly situated individuals, appeal the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of their complaint, originally filed in state court and subsequently removed, which alleged that defendants Verizon Communications, Inc. and GTE Corporation (collectively "Verizon") improperly allowed Plaintiffs' stock to escheat to the state of California. We reverse the dismissal as improper because the district court lacked subject matter jurisdiction over this matter. As the facts are familiar to the parties, we recount them only as necessary to explain our ruling.

We evaluate subject matter jurisdiction over the complaint as it stood at the time of removal, and disregard any subsequent amendments. *See Toumajian v. Frailey,* 135 F.3d 648, 650 (9th Cir.1998). The removal statute, 28 U.S.C. § 1441(a), is "strictly construed against removal jurisdiction." *Hofler v. Aetna U.S. Healthcare of Ca., Inc.,* 296 F.3d 764, 767 (9th Cir. 2002).

The sole basis for federal jurisdiction over the state causes of action alleged in the original complaint is complete ERISA preemption, an exception to the well-pleaded complaint rule, which requires the state cause of action to (1) fall within ERISA's preemption provision, 29 U.S.C. § 1144(a), and (2) be covered by ERISA's civil enforcement provisions, 29 U.S.C. §§ 1132(a)(1) to 1132(a)(9). *See id.* at 654–55.

Verizon contends that the stock in question, which allegedly is now in the possession of the state of California, was owed to Plaintiffs pursuant to the GTE Consolidated Employee Stock Ownership Plan ("ESOP"). Because the plaintiffs never received the stock, Verizon argues, the complaint implicitly raises a claim for benefits owed under an ERISA plan, a cause of action that both falls within § 1144(a) and is covered by § 1132(a).

Assuming that the ESOP is an ERISA plan (an issue we do not decide), we reject Verizon's proffered basis for jurisdiction. The gravamen of the original complaint is that Verizon improperly allowed stock that the Plaintiffs already owned to escheat to the state of California, not that Verizon failed to "distribute" stock owed to them pursuant to Article VIII of the ESOP. Indeed, Plaintiffs affirmatively represent that they are *not* suing for recovery of denied ESOP benefits. *See, e.g.,* Opening Brief at 21. Verizon therefore merely raises a defense that is federal in nature, namely that under the ERISA plan the individual Plaintiffs did not in fact own the allegedly escheated stock, and that the only basis Plaintiffs might have had for obtaining ownership would be grounded in the ERISA plan. If it so wishes, Verizon may pursue arguments based on substantive ERISA law or ERISA preemption (which is not to be confused with the jurisdictional doctrine of complete ERISA preemption) as defenses, in state court. *See, e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 395–96, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Hofler,* 296 F.3d at 769.

To the extent Verizon presses this court to look behind Plaintiffs' allegation of stock ownership and reconceive the complaint as an implicit claim that seeks to recover ESOP benefits, we rely on Plaintiffs' representation that they are not suing for ESOP benefits. As was conceded by Verizon at oral argument, there are circumstances under which Verizon may have effected "distribution" (ESOP Art. VIII) of the stock to the Plaintiffs, without actually "transferring" (Compl.¶ 14) or "delivering" (Compl.¶ 28) the stock certificates or indicia of ownership to Plaintiffs. There is therefore some basis for Plaintiffs' representation that they are not suing for recov-

ery of ESOP benefits never provided to them but, instead, are seeking to establish that they already had ownership rights at the time the stock was escheated. Should Plaintiffs' ownership allegation prove unsubstantiated, then the Plaintiffs will lose in state court; should the Plaintiffs' state court litigation evolve into an attempt to prove that they were entitled under the ESOP to stock ownership interests never transferred to them, they will face a second removal to federal court, this time a proper one. *See, e.g., Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th Cir.2001) (considering the merits of a second attempt to remove); *see also* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....").

As for the federal securities law claims that were added to the first amended complaint, Plaintiffs assured this court at oral argument that they no longer intend to pursue these claims. Again, should they seek to do so in state court, removal would be appropriate.

For the foregoing reasons, the district court's judgment is REVERSED, and we remand to the district court with an instruction to REMAND for lack of removal jurisdiction.